UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20974-CIV-WILLIAMS

CAROLINA PARJON ESCOBAR,                )
                                         )
         Plaintiff,                      )
    vs.                                  )
                                         )
PK GRAPHICS.COM EXPRESS INC.             )
LUGO & PAREDES, L.L.C. d/b/a             )
PKGRAPHICS.COM EXPRESS SOUTH             )
BEACH                                    )
WILLIAM WILFREDO LUGO                    )
JOYCE R. PAREDES,                        )
                                         )
         Defendants.                     )
_____  )

### FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Plaintiff, CAROLINA PARJON ESCOBAR, through undersigned counsel, files this Complaint against Defendants, PK GRAPHICS.COM EXPRESS INC., LUGO & PAREDES, L.L.C. d/b/a PKGRAPHICS.COM EXPRESS SOUTH BEACH, WILLIAM WILFREDO LUGO, and JOYCE R. PAREDES, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant PK GRAPHICS.COM EXPRESS INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant LUGO & PAREDES, L.L.C. d/b/a PKGRAPHICS.COM EXPRESS SOUTH BEACH is a corporation that regularly transacts business within Dade County. Upon

information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The individual Defendant WILLIAM WILFREDO LUGO is a corporate officer and/or owner and/or manager of the Defendant LUGO & PAREDES, L.L.C. d/b/a PKGRAPHICS.COM EXPRESS SOUTH BEACH who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant JOYCE R. PAREDES is a corporate officer and/or owner and/or manager of the Defendant PK GRAPHICS.COM EXPRESS INC. who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Plaintiff worked for Defendants as a customer service representative from on or about

October 2011 through on or about February 20, 2013.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2010, 2011, and 2012.

14. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $500,000 for the year 2013.

15. Upon information and belief, Defendants, PK GRAPHICS.COM EXPRESS INC. and LUGO & PAREDES, L.L.C. d/b/a PKGRAPHICS.COM EXPRESS SOUTH BEACH, are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control are being done for a common business purpose.

16. Upon information and belief, Defendants, PK GRAPHICS.COM EXPRESS INC. and LUGO & PAREDES, L.L.C. d/b/a PKGRAPHICS.COM EXPRESS SOUTH BEACH, were each Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same limited liability company officers for a common business purpose.

17. Individual Defendant WILLIAM WILFREDO LUGO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

18. Individual Defendant JOYCE R. PAREDES was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

19. Between the period of on or about October 2011 through on or about February 20, 2013, except for the last week of her employment, Plaintiff worked an average of 58 hours a week for Defendants and was paid an average of $11.21 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. During the last week of her employment, Plaintiff worked an average of 58 hours for Defendants and was not paid at all for any hours worked over 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate at the applicable Federal minimum wage rate for each hour worked above 40 during that last week of employment.

21. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair

Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-21 above and further states:

22. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

23. During the last week of her employment, Plaintiff worked an average of 58 hours for the Defendants. Plaintiff was not paid at all for said work in violation of the Fair Labor Standards Act as said non-payment did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage

rate of $7.25/hr for the first 40 hours worked during that last week.

24. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

25. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121