UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20974-CIV-WILLIAMS

CAROLINA PARJON ESCOBAR,

    Plaintiff,

vs.

PK GRAPHICS.COM EXPRESS, INC.,
LUGO & PAREDES, LLC,
WILLIAM WILFREDO LUGO, and
JOYCE R. PAREDES,

    Defendants.
_____/

## ORDER SETTING SCHEDULE, REQUIRING MEDIATION, REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE, AND ESTABLISHING PRE-TRIAL PROCEDURES

This MATTER is set for trial during the Court's two-week trial calendar beginning on **May 5, 2014**. Calendar call will be held on **April 29, 2014**, at 11:00 a.m., 400 North Miami Ave., Miami, Florida, Courtroom 11-3. No pre-trial conference will be held unless a Party requests one no later than 30 days prior to the calendar call or the Court determines that one is necessary. The Parties shall adhere to the following schedule:

    I.    <u>Schedule.</u>

| | |
|---|---|
| May 31, 2013 | The Parties shall furnish lists with names and addresses of fact witnesses. The Parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |

| Date | Event |
|---|---|
| July 12, 2013 | The Parties shall file motions to amend pleadings or join Parties. |
| June 21, 2013 | The Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(2). |
| July 11, 2013 | The Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(2). |
| August 8, 2013 | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(2). |
| October 25, 2013 | The Parties shall complete all discovery, including expert discovery. |
| September 27, 2013 | The Parties shall complete mediation and file a mediation report with the Court. |
| October 31, 2013 | The Parties shall file all dispositive pre-trial motions |

and memoranda of law.

| | |
|---|---|
| March 6, 2014 | The Parties shall file a joint pre-trial stipulation, as required by Local Rule 16.1(e) and final proposed jury instructions. Joint proposed jury instructions or conclusions of law (for non-jury trials) shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised. |
| March 6, 2014 | The Parties shall file witness and exhibit lists and all motions *in limine*.[1] The witness list shall include **only those witnesses the Parties actually intend to call at trial** and shall include a brief synopsis of their testimony. The exhibit lists shall identify each witness that will introduce each exhibit. |

II.    Mediation.  Within **thirty (30) days of the date of this Order**, the Parties shall: select a mediator certified under Local Rule 16.2(b); schedule a time, date, and place for mediation; and jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2(h). If the Parties cannot

---

[1] If applicable, the Parties shall file any motions to exclude expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), **thirty (30) days prior to the calendar call**.

agree on a mediator, they shall notify the Clerk in writing immediately, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all Parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.

III. <u>Referral.</u> Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Local Rules, all non-dispositive pre-trial motions are referred to Magistrate Judge William C. Turnoff. Such motions shall include, but are not limited to, motions to appear *pro hac vice*, motions to proceed *in forma pauperis*, discovery-related motions, motions for attorney's fees and costs, and motions for sanctions. However, this Order does not refer any motion that requests a continuance or an extension of the pre-trial motions deadline or the trial date. The Parties shall comply with any separate procedures on discovery disputes as set out by the Magistrate.

IV. <u>Motions.</u> Strict compliance with the Local Rules is expected with regard to motion practice. *See* Local Rule 7.1. For example, when filing non-dispositive motions, the moving Party shall submit a proposed order in either Word or WordPerfect format via email to Chambers at Williams@flsd.uscourts.gov. Local Rule 7.1(a)(2). Counsel for the moving party must also confer, or make a reasonable effort to confer, before filing certain motions, as required by Local Rule 7.1(a)(3).

All motions and attachments to motions are required to be filed in a text

searchable format pursuant to CM/ECF Administrative Procedure 3G(5).

Strict compliance with the Local Rules is also expected with regard to motions for summary judgment. See Local Rule 56.1. For example, the moving Party must contemporaneously file a statement of undisputed material facts, delineating by number each material fact, **supported with specific citations to the record** (Docket Entry, Exhibit, Page Number(s)). The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts. Local Rule 56.1(a). The opposing Party shall state, based on citations to the record, whether each fact is disputed or undisputed. If the fact is disputed, the opposing Party shall state why the dispute is a material one. "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." Local Rule 56.1(b). These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

The Parties may stipulate to extend the time to answer interrogatories, produce documents and answer requests for admission. The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Such stipulations may be made only with the

Court's approval. See Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4. The Parties cannot override the requirements of that Rule through a joint protective order.

Any party seeking to change any of the above deadlines must file a Motion to Continue or Motion for Extension of Time. **Notices of unavailability will not be construed as motions to continue or otherwise operate to change the Court's schedule in any way.**

V.  Jury Instructions. The Parties shall submit their proposed jury instructions jointly, though they need not agree on each and every instruction. If the Parties do not agree on a proposed instruction, that instruction shall be set forth in bold typeface. Instructions proposed only by a plaintiff shall be underlined; instructions proposed only by a defendant shall be italicized. Every instruction must be supported by a citation of authority. The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases as a guide, including the directions to counsel. The Parties shall submit their proposed instructions via email to Chambers at Williams@flsd.uscourts.gov.

VI. <u>Settlement.</u>  If the case settles in whole or in part, counsel must inform the Court within two (2) days by calling Chambers at (305) 523-5540 and thereafter filing a joint stipulation of dismissal.

DONE AND ORDERED in Chambers, at Miami, Florida, this ___ day of May, 2013.

                                                         KATHLEEN M. WILLIAMS
                                                        UNITED STATES DISTRICT JUDGE

cc: The Honorable William C. Turnoff
     Counsel of Record